United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALLETTI & SONS, INC., dba GALLETTI CONCRETE PUMPING, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VALLEY FORGE INSURANCE COMPANY, a Pennsylvania corporation, and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | No. C-06-1876 SC<br><br>ORDER GRANTING PLAINTIFF'S PARTIAL MOTION FOR <u>SUMMARY JUDGMENT</u> |

**I.   INTRODUCTION**

This case arises out of efforts by Plaintiff Galletti & Sons, Inc. ("Plaintiff" or "Galletti & Sons, Inc.") to gain reimbursement from Defendant Valley Forge Insurance Company ("Defendant") for the costs Plaintiff incurred defending a lawsuit by a former employee. Before the Court is Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's Motion") and Defendant's Cross-Motion for Summary Judgment. For the following reasons, the Court GRANTS Plaintiff's Motion and DENIES Defendant's Motion.

**II.   BACKGROUND**

The following facts are undisputed:

During the period beginning December 19, 2000 through

December 19, 2001, Plaintiff was insured by Defendant under a commercial general liability policy ("CGL Policy" or "Policy"). See Declaration of Ann K. Johnston in Support of Defendant's Motion ("Johnston Decl."), Ex. B. The CGL Policy identifies the insured as "Galletti & Sons, Inc. dba Galletti Concrete Pumping." Id. at GALLE-00066. The Policy states:

> We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this Insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" for "bodily injury" or "property damage" to which this insurance does not apply.

Id. at GALLE-00073. Among the Policy's exclusions is one for "'bodily injury' to . . . an employee of the Insured arising out of: (a) Employment by the insured; or (b) Performing duties related to the conduct of the Insured's business." Id.

On May 20, 2002, Plaintiff's former employee Billy Davis filed a lawsuit in Alameda County Superior Court seeking damages under a negligence theory for injuries he allegedly suffered when he was struck by a concrete pump truck on May 21, 2001 ("Davis Lawsuit"). Id., Ex. A. The suit named, among others, "Galletti Concrete Pumping, Inc." as a defendant. Id. The complaint alleged that Mr. Davis was employed at the time of the injury by "Galletti Concrete, Inc.," and that the concrete pumping truck which injured him was owned and operated by "Galletti Concrete Pumping, Inc." Id.

On four separate occasions, Plaintiff tendered the Davis Lawsuit to Defendant, and on all four occasions Defendant denied

2

the tender. The tenders occurred on July 30, 2002, August 13, 2003, March 21, 2005, and May 3, 2005. See id., Exs. C, L, N.

On April 22, 2003 and January 25, 2005, Plaintiffs made motions for summary judgment in the Davis Lawsuit on the grounds that Mr. Davis's claims against Galletti Concrete Pumping, Inc. were barred by worker compensation exclusivity. See id., Exs. D, E. The court denied both motions on the ground that there was a triable issue of fact whether Galletti & Sons, Inc., Mr. Davis's employer, was the same legal entity as Galletti Concrete Pumping, Inc., which owned and operated the pump truck involved in the incident. See id., Exs. H, K. Attached to Plaintiff's April 2005 moving papers is a certificate of filing from the California Secretary of State showing that, on December 29, 1989, Galletti Concrete Pumping, Inc. merged into Galletti & Sons, Inc. and ceased to exist as a separate corporate entity. See id., Ex. I.

On July 12, 2005, a jury rendered a four-part special verdict in favor of Plaintiff, finding: that Galletti & Sons, Inc. and Galletti Concrete Pumping, Inc. were the same legal entity; that Mr. Davis was an employee of Galletti & Sons, Inc. at the time of his injury; that Mr. Davis was injured while working for Galletti & Sons; and that Galletti & Sons, Inc. had workers compensation insurance at the time which covered Mr. Davis. Id., Ex. M.

On January 30, 2006, Plaintiff filed the Complaint in the instant action, alleging breach of contract and tortious breach of the covenant of good faith and fair dealing arising out of Defendant's tender denials. See Docket No. 1, Ex. A Pt-2. Plaintiff now moves the Court for an order of partial summary

3

1  judgment whether Defendant owed Plaintiff a duty to defend in the
2  Davis Lawsuit and whether Defendant breached that duty.  <u>See</u>
3  Plaintiff's Motion at 3.  Defendants move the Court for an order
4  of summary judgment dismissing the Complaint in its entirety.  <u>See</u>
5  Defendant's Motion.

### III. <u>STANDARD OF REVIEW</u>

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c).  A material fact is one "that might affect the outcome of the suit under the governing law." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).  Ultimately, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u> at 248.

### IV. <u>DISCUSSION</u>

It is Hornbook law that an insurer's duty to defend is broader than its duty to indemnify. <u>Waller v. Truck Ins. Exchange, Inc.</u>, 11 Cal. 4th 1, 19 (1995).  The duty to defend accrues if an insurer "becomes aware of, or if the third party lawsuit pleads, facts giving rise to the potential for coverage under the insuring agreement." <u>Id.</u>  This is so, even if the the claims in question are "groundless, false, or fraudulent." <u>Id.</u>

4

(quotations omitted). What's more, any doubts as to whether a duty to defend has accrued "must be resolved in favor of the insured," and, in fact, "the existence of a disputed fact determinative of coverage, establishes the duty to defend." <u>Amato v. Mercury Casualty Co.</u>, 18 Cal. App. 4th 1784, 1785 (1993).

In accordance with this standard, whether a duty to defend has accrued is "usually made in the first instance by comparing the allegations of the complaint with the terms of the policy." <u>Waller,</u> 11 Cal. 4th at 19. However, extrinsic facts can give rise to a duty to defend "when they reveal the possibility that the claim may be covered by the policy." <u>Id.</u> "Conversely, where the extrinsic facts <u>eliminate</u> the potential for coverage, the insurer may decline to defend even when the bare allegations in the complaint suggest potential liability." <u>Id.</u> (emphasis added).

Defendant argues that no duty to defend accrued in the Davis Lawsuit on two related grounds. First, Defendant argues that Mr. Davis's injuries fell within the Policy's exclusion for injuries suffered by employees in the course of employment, regardless of how the Alameda County Court ruled when Plaintiff made its motions for summary judgement based on the same ground. Defendant's Motion at 10. Second, and alternatively, if Mr. Davis was the employee of an entity distinct from Plaintiff-in other words, if Galletti Concrete Pumping was a distinct entity from Plaintiff-the Davis Lawsuit "sought to impose liability on an entity Valley Forge did not insure, and which was not named as an insured under the Valley Forge policy." <u>Id.</u> at 12.

The problem with this two-part argument is that it seeks to

5

conflate too closely Defendant's duty to defend with its duty to indemnify. If the jury in the Davis Lawsuit had answered any one of the four parts of the special verdict differently, Plaintiff would have had a judgment rendered against them. Assuming it was not overturned on appeal, if Plaintiff tried to seek indemnification for such a hypothetical judgment from Defendant, it seems likely that Defendant could have successfully refused to pay. That, however, is not the test.

The test is whether there was any "potential for coverage," Waller, 11 Cal. 4th at 1, and here there was such a potential. For example, the jury in the Davis Lawsuit could have found, answering one question on the special verdict differently, that while Mr. Davis was an employee of Plaintiff, he was not injured while working for Plaintiff, and a Court in a subsequent indemnification suit by Plaintiff against Defendant could agree. That's enough. As the law makes very clear, there need not be a strong potential for coverage or even a reasonable potential for coverage, but rather any potential for coverage, with any doubts in that regarded resolved in favor of the insured. See Amato, 18 Cal. App. 4th at 1785.

/
/
/
/
/
/
/

6

The possibility that the jury in the Davis Lawsuit could have rendered its verdict in way which would have given Plaintiff at least prima facie grounds for demanding indemnification from Defendant meets this low standard.

**V.  CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is GRANTED:  the Court finds that Defendant owed Plaintiff a duty to defend in the Davis Lawsuit and Defendant breached that duty.  Accordingly, Defendants Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

Dated:  January 18, 2007.

                              UNITED STATES DISTRICT JUDGE

7